[Cite as *State v. Gillogly*, 2011-Ohio-2232.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. CT2010-0036 |
| ROBERT H. GILLOGLY, III | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Muskingum County Court
                                                          of Common Pleas, Case No. CR2009-0253

JUDGMENT:                                     Reversed and Remanded

DATE OF JUDGMENT ENTRY:       May 6, 2011

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ROBERT L. SMITH                        ROBERT MCCLELLAND
Assistant Prosecuting Attorney      P.O. BOX 340
27 North Fifth Street                     Zanesville, OH 43702-0340
Zanesville, OH 43701

*Hoffman, J.*

{¶1} Defendant-appellant Robert H. Gillogly, III appeals the June 16, 2010 Entry entered by the Muskingum County Court of Common Pleas, which sentenced him on one count of OVI, a felony of the third degree, and one count of driving under suspension, a misdemeanor of the first degree, after Appellant entered a plea of guilty to the charges. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On November 25, 2009, the Muskingum County Grand Jury indicted Appellant on one count of operating a motor vehicle under the influence of alcohol with a prior offense specification, a felony of the third degree; one count of driving under suspension, a misdemeanor of the first degree; one count of possession of marijuana, a minor misdemeanor; and one count of possession of drug paraphernalia, a misdemeanor of the fourth degree. Appellant appeared for arraignment on December 9, 2009, and entered a plea of not guilty to the charges. Appellant waived his speedy trial rights and requested at least one continuance of the trial. The trial court scheduled the matter for trial on May 4, 2010.

{¶3} On April 30, 2010, Appellant appeared before the trial court and withdrew his former plea of not guilty and entered a plea of guilty to Count One of the Indictment, OVI, which was amended to dismiss the prior offense specification, and Count Two, driving under suspension. The State nolled the remaining counts. The plea of guilty form signed by Appellant indicated the OVI charge carried a sentence of sixty days in prison up to five years, and included the notation "must serve entire sentence". The

"must serve entire sentence" language is manually crossed out and the amendment initialed by counsel for the parties.

{¶4} On the record, Judge Cottrill, who accepted Appellant's plea on behalf of Judge Fleegle, discussed the maximum penalty for the OVI charge:

{¶5} "The Court: You understand, Mr. Gillogly, as amended, Count I is charged as operating a motor vehicle while under the influence of alcohol or drugs, and that is charged as a felony of the third degree.

{¶6} "That carries with it a maximum stated prison term of one through five years in one-year increments, with a mandatory minimum incarceration of at least 60 days." April 30, 2010 Change of Plea Hearing at 5.

{¶7} The trial court accepted Appellant's plea and ordered a presentence investigation. Appellant appeared before the trial court for sentencing on June 14, 2010. Counsel for Appellant addressed the court:

{¶8} "Attorney Robert McClelland: We would ask that the Court follow the recommended plea offer as the State has agreed, and we also would like to point out for the record that it's defense counsel's opinion that the sentence is a 60-day mandatory prison sentence which he must serve, but it's my opinion that any sentence above that he would be eligible for early release." June 14, 2010 Sentencing Hearing at 4.

{¶9} The trial court proceeded with sentencing, stating:

{¶10} "Upon the review of that presentence investigation, the Court will follow the recommendation of the State of Ohio and impose a three-year sentence on Count 1. Of that, 60 days is mandatory, and the Court's interpretation of the statute is that you must serve any sentence that is given, which means you're not eligible. That's

something that may be contested later on. That's the Court's interpretation of the statute, and that's what was advised to you at the time of entering a plea, so it should not be a surprise." June 14, 2010 Sentencing Hearing at 5.

{¶11} The trial court issued its Entry on June 16, 2010, which memorialized the sentence reiterated the trial court's determination Appellant was not eligible for early release.

{¶12} It is from the June 16, 2010 Entry Appellant appeals, raising the following assignment of error:

{¶13} "I. THE APPELLANT'S SENTENCE IS CLEARLY AND CONVINCINGLY CONTRARY TO LAW."

I

{¶14} Appellant pled guilty to operating a vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(d). The trial court sentenced Appellant to a term of imprisonment of three (3) years pursuant to R.C. 4511.19(G)(1), which provides, in relevant part:

{¶15} "(e) An offender who previously has been convicted of or pleaded guilty to a violation of division (A) of this section that was a felony, regardless of when the violation and the conviction or guilty plea occurred, is guilty of a felony of the third degree. The court shall sentence the offender to all of the following:

{¶16} "(i) If the offender is being sentenced for a violation of division (A)(1)* * *(d) * * * of this section, a mandatory prison term of one, two, three, four, or five years as required by and in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender also is convicted of or also pleads guilty to a specification of the

type described in section 2941.1413 of the Revised Code or <u>a mandatory prison term of</u> <u>sixty consecutive days in accordance with</u> division (G)(2) of section 2929.13 of the Revised Code <u>if the offender is not convicted of and does not plead guilty to a</u> <u>specification of that type</u>. The court may impose a prison term in addition to the mandatory prison term. The cumulative total of a sixty-day mandatory prison term and the additional prison term for the offense shall not exceed five years. <u>In addition to the</u> <u>mandatory prison term or mandatory prison term and additional prison term the court</u> <u>imposes, the court also may sentence the offender to a community control sanction for</u> <u>the offense, but the offender shall serve all of the prison terms so imposed prior to</u> <u>serving the community control sanction</u>." (Emphasis added).

**{¶17}** R.C. 2929.13(G)(2) provides, in relevant part:

**{¶18}** "(G) * * * [I]f an offender is being sentenced for a fourth degree felony OVI offense or for a third degree felony OVI offense, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:

**{¶19}** " * * *

**{¶20}** "(2) <u>If the offender is being sentenced for a third degree felony OVI</u> <u>offense,</u> or if the offender is being sentenced for a fourth degree felony OVI offense and the court does not impose a mandatory term of local incarceration under division (G)(1) of this section, the court shall impose upon the offender a mandatory prison term of one, two, three, four, or five years if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code or <u>shall</u> <u>impose upon the offender a mandatory prison term of sixty days or one hundred twenty</u>

days as specified in division (G)(1)(d) or (e) of section 4511.19 of the Revised Code if the offender has not been convicted of and has not pleaded guilty to a specification of that type. The court shall not reduce the term pursuant to section 2929.20, 2967.193, or any other provision of the Revised Code. The offender shall serve the one-, two-, three-, four-, or five-year mandatory prison term consecutively to and prior to the prison term imposed for the underlying offense and consecutively to any other mandatory prison term imposed in relation to the offense. In no case shall an offender who once has been sentenced to a mandatory term of local incarceration pursuant to division (G)(1) of this section for a fourth degree felony OVI offense be sentenced to another mandatory term of local incarceration under that division for any violation of division (A) of section 4511.19 of the Revised Code. In addition to the mandatory prison term described in division (G)(2) of this section, the court may sentence the offender to a community control sanction under section 2929.16 or 2929.17 of the Revised Code, but the offender shall serve the prison term prior to serving the community control sanction." (Emphasis added).

{¶21} In the present case, as part of the plea agreement, Appellant did not plead guilty to a specification of the type described in R.C. 2941.1413. Therefore, under R.C. 4511.19(G)(1)(e)(i), the trial court was required to impose "a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of section 2929.13 of the Revised Code." R.C. 4511.19(G)(1)(e)(i) also permits the trial court to impose a prison term in addition to the mandatory prison term. The trial court herein sentenced Appellant to a cumulative term of imprisonment of three years. Such was well within the dictates of R.C. 4511.19(G)(1)(e). However, the trial court ordered Appellant serve the entire

sentence "without any possibility of early release". We find nothing in the language of R.C. 4511.19 and 2929.13 which mandates this order.[1] While we find the statute clearly prohibits release any time prior to the 60 day mandatory prison term, we do not believe the legislature intended that portion of the total sentence after the initial 60 day mandatory portion to be ineligible for judicial release where no R.C. 2941.1413 specification applies.[2] Accordingly, we reverse the judgment of the trial court and remand the matter for resentencing with instructions to delete the "without any possibility of early release" language from the sentencing entry.

{¶22} Appellant's sole assignment of error is sustained.

{¶23} The judgment of the Muskingum County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this opinion and the law.

By: Hoffman, J.

Gwin, P.J. and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE

---

[1] We note the trial court did not sentence Appellant to community control sanctions.

[2] We agree with Appellee's observation: "Section 4511.19, which has been modified by the legislature almost yearly for the past ten (10) years, has become an albatross that now comprises approximately nine (9) pages of single spaced text with cross references to over a dozen separate provisions of the Ohio Revised Code." Brief of Appellee at 7.

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ROBERT H. GILLOGLY, III | : | |
| | : | |
| Defendant-Appellant | : | Case No. CT2010-0036 |

For the reason stated in our accompanying Opinion, the judgment of the Muskingum County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with our Opinion and the law.   Costs assessed to Appellee.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE